IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


RAYMOND RODRIGUEZ,

                    Plaintiff,

          v.                                    CASE NO. 19-3118-SAC

(FNU) WEST, et al.,

                    Defendants.


NOTICE AND ORDER TO SHOW CAUSE

     This matter is a civil rights action filed pursuant to 42 U.S.C.
§ 1983. Plaintiff, a prisoner in state custody, proceeds pro se. His
fee status is pending.

Nature of the Complaint

     Plaintiff complains that a search conducted by Liberal, Kansas,
police officers in February 2018 violated his rights under the Fourth
and Fourteenth Amendments. He seeks monetary damages as compensation
for lost property.

Screening

     A federal court must conduct a preliminary review of any case
in which a prisoner seeks relief against a governmental entity or an
officer or employee of such an entity. *See* 28 U.S.C. §1915A(a).
Following this review, the court must dismiss any portion of the
complaint that is frivolous, malicious, fails to state a claim upon
which relief may be granted, or seeks monetary damages from a defendant
who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

     In screening, a court liberally construes pleadings filed by a
party proceeding pro se and applies "less stringent standards than
formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S.

89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal

claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

**Discussion**

After examining the complaint under these standards, the Court finds that the complaint is subject to dismissal.

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), when a prisoner's claims in a civil rights action would impugn the validity of the plaintiff's underlying conviction, the action cannot maintained unless the conviction has been reversed or otherwise invalidated. *Heck*, 512 U.S. at 486-87.

The *Heck* rationale is "to prevent litigants from using a § 1983 action with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Johnson v. Pottawotomie Tribal Police Dep't*, 411 Fed. Appx. 195, 198 (10th Cir. 2011)(quoting *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007)).

Here, to the extent he challenges the police search and the seizure of evidence used against him in court, plaintiff's claims allege a direct correlation between the defendant's actions and his conviction, sentencing, and incarceration. Because the claims, if proven, would undermine the validity of plaintiff's conviction, the

Court will direct him to show cause why this claim should not be dismissed without prejudice under *Heck*.

Next, the Court liberally construes plaintiff's request for compensation for lost property[1] to allege a due process claim. So long as the state provides a meaningful post-deprivation remedy, there is no due process violation when a state employee intentionally deprives an individual of property. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Likewise, a negligent deprivation of property does not violate due process. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). In Kansas, prisoners generally have an adequate state post-deprivation remedy. *See Sawyer v. Green*, 316 F. App'x 715, 717 2008 WL 2470915, at *2 (10th Cir. 2008)(finding a Kansas prisoner could seek relief in the state courts to remedy an alleged deprivation of property). Because it appears that plaintiff has a remedy under state law to redress his claim of lost property, he must show cause why his due process claim should not be dismissed for failure to state a claim for relief.

IT IS, THEREFORE, BY THE COURT ORDERED  that on or before **August 12, 2019**, plaintiff shall show cause why this matter should not be dismissed for the reasons discussed herein. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED**.

DATED:  This 12th day of July, 2019, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[1] The property in question includes items, such as a television, that do not appear to be related to the criminal charges against plaintiff.