```
        IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF KANSAS
```

**RAYMOND RODRIGUEZ,**

                              **Plaintiff,**

         v.                                          CASE NO. 19-3118-SAC

**(FNU) WEST, et al.,**

                              **Defendants.**

### MEMORANDUM AND ORDER

    Plaintiff Raymond Rodriguez filed this pro se civil action pursuant to 42 U.S.C. § 1983 while he was an inmate at Winfield Correctional Facility in Winfield, Kansas. He names as defendants Lieutenant West, Captain McCord, and Officer Brandt Helsel of the Liberal Police Department.

    As the factual background for this complaint, Plaintiff alleges that on February 1, 2018, Defendants West and McCord entered a residence, with consent, to search for an individual they had seen enter the home. (Doc. 1, p. 2.) After they located and arrested that individual, they continued to search the home, based on a suspicion of drug activity and the probationary status of another individual who was renting the home. *Id.* at 2, 7. Plaintiff, who was sleeping in a room where drugs were found, was arrested. *Id.* at 3, 8. The charges against Plaintiff, however, were later dismissed as part of a plea agreement in another case. (Doc. 6, p. 2-3.)

    Plaintiff contends that Defendants' actions on February 1, 2018 violated his rights under the Fourth and Fourteenth Amendments

to the United States Constitution. (Doc. 1, p. 3.) He seeks monetary compensation for the loss of certain property; $50,000 in compensation for the 100 days he alleges he spent in jail as a result of his arrest; and money damages for mental anguish he suffered when officers entered his room while he was sleeping, would not let him get dressed, and laughed at him. *Id.* at 5, 8.

Plaintiff seeks leave to proceed *in forma pauperis* (Docs. 2 and 7), and such leave is granted. The Court assesses an initial partial filing fee of $12.75, calculated under 28 U.S.C. § 1915(b)(1). Plaintiff is granted to and including August 26, 2021, to submit the fee. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fee as directed may result in the dismissal of this matter without further notice. Plaintiff remains obligated to pay the remainder of the $350.00 filing fee in monthly installments.

The Court conducted a preliminary review of the complaint as required by 28 U.S.C. § 1915A(a) and, on July 12, 2019, the Court issued a Notice and Order to Show Cause (NOSC). (Doc. 4.) As the NOSC stated, it appeared that Plaintiff's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a plaintiff may not bring claims in a civil rights action that would undermine the validity of a still-valid underlying conviction. (Doc. 4, p. 3.) The NOSC also pointed out that negligent deprivation of property does not violate due process and, if the state provides a meaningful post-deprivation remedy, neither does intentional deprivation of

property. *Id.* at 4. Because Kansas prisoners generally have an adequate state-provided post-deprivation remedy, Plaintiff's property-based due process argument failed to state a claim upon which relief could be granted. *Id.* The Court ordered Plaintiff to show cause why this action should not be dismissed. *Id.*

On July 29, 2019, Plaintiff filed a "Motion to Proceed" in which he clarified that he had not been convicted of the charges stemming from the allegedly illegal actions of February 1, 2018; those charges were ultimately dismissed. (Doc. 6, p. 1.) Thus, *Heck* does not bar Plaintiff's claim. *See Butler v. Compton*, 482 F.3d 1277, 1280-81 (10th Cir. 2007) (holding *Heck* does not bar claim based on officer's actions during an arrest that led to charges which were later dismissed as part of a global plea agreement).

Plaintiff did not, however, address the Court's point regarding his due process claim for lost property. *Id.* at 1-4. Thus, Plaintiff's claim for money damages for lost property is dismissed.

Considering the record currently before the Court, the Court concludes that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of the Liberal Police Department. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.3d 1106 (10th Cir. 1991). The Court does not order service of process at this time but will screen the complaint after receipt of the report ordered herein and Plaintiff's response to that report.

**IT IS THEREFORE ORDERED** that Plaintiff's Motions for Leave to

Proceed *in forma pauperis* (Docs. 2 and 7) are **granted.** Plaintiff is granted to and including August 26, 2021, to submit the initial partial filing fee of $12.75.

**IT IS FURTHER ORDERED:**

(1) The report required herein shall be filed no later than sixty (60) days from the date of this order, unless the time is extended by the Court.

(2) Officials responsible for the operation of the Liberal Police Department are directed to undertake a review of the subject matter of the complaint:

a. To ascertain the facts and circumstances; and

b. To determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled. Copies of pertinent rules, regulations, official documents, and police reports shall be included in the written report.

(4) Authorization is granted to the officials of the Liberal Police Department to interview all witnesses having knowledge of the facts, including Plaintiff.

(5) Discovery by Plaintiff shall not commence until the report has been filed and the Court has completed its screening of this matter.

**IT IS FURTHER ORDERED** that the clerk of the court shall enter the Liberal Police Department Chief of Police as an interested party

on the docket for the limited purpose of preparing and filing the *Martinez* report ordered herein. Upon the filing of that report, the interested party may move for termination from this action.

**IT IS FURTHER ORDERED** that Plaintiff is granted thirty (30) days following the issuance of the *Martinez* report to file a reply.

**IT IS SO ORDERED.**

DATED:  This 5th day of August, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge