**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**RAYMOND RODRIGUEZ,**

           **Plaintiff,**

    v.                                                              **CASE NO. 19-3118-SAC**

**(FNU) WEST, et al.,**

           **Defendants.**

## MEMORANDUM AND ORDER

    Plaintiff Raymond Rodriguez filed this *pro se* 42 U.S.C. § 1983 action against Lieutenant West, Captain McCord, and Officer Brandt Helsel of the Liberal Police Department. When Mr. Rodriguez filed his complaint and his motion for leave to proceed *in forma pauperis* on July 5, 2019, he indicated that his return address was 1806 Pinecrest Circle, in Winfield, Kansas. (Doc. 1, p. 1.) In March 2020, Mr. Rodriguez wrote to the Court; the envelope containing the letter had a return address of 1017 S. Market Street, in Wichita, Kansas, and the Court noted the change of address. (Doc. 8-1.) Mr. Rodriguez has filed nothing further in this case.

    In August 2021, the Court issued a memorandum and order directing the Liberal Police Department to provide additional information. (Doc. 9.) This order was mailed to Mr. Rodriguez' last known address in Wichita, but on August 12, 2021, it was returned to the Court with markings indicating it was "not deliverable as addressed" and the postal service was unable to forward it. (Doc. 10.) Consequently, it appeared that Mr. Rodriguez has failed to comply with rules of the Court which require every party, including a party proceeding pro se, to notify the Court in writing of a change of address. See D. Kan. R. 5.1(c).

Accordingly, on October 7, 2021, the Court issued an order granting Mr. Rodriguez 20 days to show cause why this matter should not be dismissed without prejudice for lack of prosecution. (Doc. 16.) On October 15, the order was returned to the Court with markings indicating it was not deliverable and the postal service cannot forward it. (Doc. 18.)

Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure . . . to comply with the . . . court's orders"). Twenty days have now passed since the Court issued the order. The Court concludes that this matter should be dismissed without prejudice under Rule 41(b).

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** for failure to prosecute and failure to comply with a court order pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:   This 28th day of October, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge